**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CECILIA LEIGH GUTIERREZ | : | |
| | : | |
| Appellant | : | No. 63 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 19, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004611-2022

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: DECEMBER 10, 2024**

Cecilia Leigh Gutierrez appeals from the judgment of sentence entered following her conviction for disorderly conduct.[1] She challenges the sufficiency of the evidence. We affirm.

The trial court summarized the facts following the bench trial as follows:

> James Bowden has been employed as a school bus driver for fourteen years for Joseph C. Graybill, Incorporated, which provides contracted bus services for the Manheim Central School District. At 6:38 a.m. on October 5, 2022, Mr. Bowden made a routine bus stop in the vicinity of . . . Lancaster Road, Manheim, Penn Township, Lancaster County, Pennsylvania. At this time, [Gutierrez] entered the school bus without authorization. Mr. Bowden initially did not notice [Gutierrez] entering the bus as his attention was focused on a vehicle that had failed to yield to the red warning signs. Immediately upon entry onto the bus, [Gutierrez] positioned herself behind the driver in a position where he was unable to fully observe her actions and began

---

[1] 18 Pa.C.S.A. § 5503(a)(1).

to confront the driver in a loud and hostile manner about an incident which occurred the day before where [Gutierrez's] child was inadvertently missed at the bus stop. During this confrontation, [Gutierrez] used profanity and chastised the driver regarding his job performance, including stating[,] "If you don't like your job, bro, get a new one," "Get a new fucking job," and[,] "At the end of the day, you're a shit bus driver." In response to [Gutierrez's] aggression, the driver issued repeated directives for [Gutierrez] to leave the bus.

At the time of this confrontation, [Gutierrez's] two young children were already seated on the bus and another child was waiting outside the bus as [Gutierrez's] actions inhibited his entry onto the bus. In addition, other motorists were delayed behind the bus as a result of [Gutierrez's] actions and at least one parent is noted to have observed the confrontation from outside of the bus door. After multiple directives were given, [Gutierrez] exited the bus. At trial, the bus driver credibly testified that he felt threatened by [Gutierrez's] actions in that she entered the bus without authorization, she situated herself behind him, she was obviously upset, and that he was unsure if she may have possessed a weapon. This incident was subsequently investigated by Officer Matthew J. Klinger of the Northern Lancaster County Regional Police Department, who filed charges against [Gutierrez].

Trial Court Opinion, filed Feb. 6, 2024, at 2-3 (footnotes and citations to record omitted).

The trial court found Gutierrez guilty of disorderly conduct as a summary offense and not guilty of defiant trespass. The court directed Gutierrez to pay the costs of prosecution, with no further sentence. Gutierrez filed a notice of appeal.

Guiterrez raises the following issue:

Was the evidence presented by the Commonwealth insufficient to prove beyond a reasonable doubt that Ms. Gutierrez was guilty of disorderly conduct, where the Commonwealth produced insufficient evidence that it was

her intent to cause public inconvenience, annoyance or alarm, or recklessly created a risk thereof and produced insufficient evidence that she engaged in fighting or threatening, or in violent or tumultuous behavior.

Guiterrez's Br. at 4.

Guiterrez argues the Commonwealth failed to establish she committed the crime of disorderly conduct. She maintains the Commonwealth did not prove she had the intent to cause public inconvenience, annoyance, or alarm, or recklessly created a risk thereof. She asserts that she went onto the bus to speak with Bowden about why he left her daughter the prior day, and when he repeatedly told her to get off the bus, she complied. She claims that there was no testimony that traffic was held up or delayed and that she was on the bus "for a mere 14 seconds and exited the bus while Mr. Bowden was repeatedly yelling 'get off the bus.'" *Id.* at 10. Guiterrez claims the testimony that her actions were observed by another adult and that motorists were delayed was about the day before, when the bus left without her daughter, not from the morning she entered the bus. She further testified that, regarding the high school student, when she saw he was not entering she went behind the driver, so the student could go down the aisle, and Guiterrez got off the bus when she saw the student was not entering. She claims she did not know that parents were not allowed on the school bus.

Guiterrez also maintains the Commonwealth did not establish she engaged in fighting or threatening, or in violent or tumultuous behavior. She maintains the court found she engaged in tumultuous behavior, but that "it cannot be said that telling someone to get another job if they don't like the

one they have or that they are a 'shit' driver, amounts to tumultuous behavior." *Id.* at 14.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). We must "determine whether, when viewed in the light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crime charged is established beyond a reasonable doubt." *Commonwealth v. Dix*, 207 A.3d 383, 390 (Pa.Super. 2019). The elements of the crime may be established through wholly circumstantial evidence. *Id.*

"A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior[.]" 18 Pa.C.S.A. § 5503(a)(1). The statute defines "public" as "affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public." *Id.* at § 5503(c).

Whether words or acts constitute disorderly conduct "hinges upon whether they cause or unjustifiably risk a public disturbance." *Commonwealth v. Fedorek*, 946 A.2d 93, 100 (Pa. 2008) (quoting *Commonwealth v. Hock*, 728 A.2d 943, 946 (Pa. 1999)) (emphasis removed). "The *mens rea* requirement of [section 5503] demands proof that

[the defendant] by his [or her] actions intentionally or recklessly created a risk or caused a public inconvenience, annoyance or alarm." ***Commonwealth v. Troy***, 832 A.2d 1089, 1094 (Pa.Super. 2003) (citation omitted) (some alterations in original). "The specific intent requirement . . . 'may be met by a showing of a reckless disregard of the risk of public inconvenience,' annoyance, or alarm, even if the [defendant's] intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm." ***Id.*** (citation omitted). "'Fighting words' will support a conviction for disorderly conduct." ***Commonwealth v. Lutes***, 793 A.2d 949, 962 (Pa.Super. 2002).

The trial court concluded the public school bus was a place to which the public had access and Guiterrez had engaged in tumultuous behavior:

> [T]here can be little question that a school bus contracted by a public school district for the transportation of young children is a place to which the public has access. In addition, at the time of this incident, there were young children on the bus; a young child waiting to board the bus, whom had been delayed by [Guiterrez's] actions; another adult observing the incident from outside the bus; and motorists delayed behind the bus by [Guiterrez's] actions. Accordingly, in this matter, [Guiterrez's] actions not only recklessly created a risk of public inconvenience, annoyance, or alarm, but actually caused such. Thus, [Guiterrez's] current claim in this regard must fail.
>
> Upon viewing the totality of the evidence presented, this court reached the inescapable conclusion that [Guiterrez] engaged in tumultuous behavior. She illegally entered the school bus for the sole purpose of berating the bus driver. [Guiterrez's] behavior was aggressively confrontational, and her intent was solely to profanely scold the bus driver for what she felt was poor job performance, with no regard to

the inconvenience it may cause anyone else, including a student that was not her child who had to wait outside of the bus and the motorists waiting behind the bus until her tirade ceased. By and through this tumultuous behavior, [Guiterrez] risked and did cause public inconvenience as understood within the Disorderly Conduct statute.

Tr. Ct. Op. at 6-7.

We agree with the trial court that the evidence supported the conviction. The evidence supports a finding the bus was "public," as it demonstrated that the public, or a substantial group of the public, has access to the bus, and others observed the incident. It further supported the finding that Guiterrez's conduct was tumultuous, as it showed that she entered the bus without permission, aggressively confronted the bus driver, and caused inconvenience to others, including the high school student waiting to enter the bus and the cars behind the bus. As Guiterrez points out, Bowden's testimony regarding another adult and traffic buildup was in reference to the prior day. N.T., Dec. 9, 2023, at 12. However, videos of the incident admitted into evidence show an adult standing outside the bus and cars behind the bus. The record is sufficient to support the court's findings beyond a reasonable doubt.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/10/2024